IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRYAN SCOTT FREEMAN, | ) | |
| | ) | |
| Defendant/Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-76-JHP |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent. | ) | |

## OPINION AND ORDER

Before the Court is Defendant/Petitioner Bryan Scott Freeman's ("Defendant") "Ex Parte Motion for a Modification/Alternative Sentence." (Doc. No. 41). Defendant asks the Court to reduce his sentence to reflect time he served while in State custody.

On June 4, 2009, this Court sentenced Defendant to a term of imprisonment of 120 months on Count 1 of the Indictment and 31 months on Count 2 of the Indictment, to be served consecutively. (Doc. No. 35). The Court further ordered Defendant's 151-month sentence "to be served concurrently with any sentence imposed in Pushmataha County District Court case number CF-2008-87." (Doc. No. 35). On June 9, 2009, all charges against Defendant in the Pushmataha County District Court Case Number CF-2008-87 were dismissed.[1] Therefore, no sentence was imposed against Defendant in that case. Defendant now argues he should receive credit for certain time he served in State custody, from the date of his federal Indictment (October 1, 2008) to the date he was returned to federal custody (April 1, 2010). Defendant complains that BOP has improperly denied him this credit on his sentence.

The Court cannot grant Defendant's requested relief, because this Court lacks jurisdiction to modify Defendant's sentence. "A district court does not have inherent authority to modify a

---

[1] The Court may take judicial notice of these court documents, because they are public records. *See, e.g., United States v. Bagby*, 696 F.3d 1074, 1083 n.7 (10th Cir. 2012).

previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). Although Defendant does not provide any authority under which the Court may reexamine his sentence, Defendant's request is in the nature of a request for writ of habeas corpus under 28 U.S.C. § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . .") (citation omitted); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding petition actionable under § 2241 where federal prisoner sought to gain credit for time served in state prison) (citing cases). However, Defendant is not entitled to such relief. A petition pursuant to § 2241 must be brought in the district where the prisoner is confined. *Bradshaw*, 86 F.3d at 166. Here, Defendant is incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, which is outside of this Court's jurisdiction. Nor is Defendant eligible for modification of his sentence under 18 U.S.C. § 3582(c).[2] Defendant also does not raise any possible grounds for reexamination of his sentence pursuant to 28 U.S.C. § 2255.[3] Accordingly, this Court has no authority to modify the sentence imposed on June 4, 2009.

Even if the Court did have authority to modify Defendant's sentence as requested, the Court would nonetheless deny the motion on the merits. Defendant's Motion refers to 18 U.S.C.

---

[2] Section 3582(c) permits a court to modify a sentence: "(1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'" *United States v. Blackwell,* 81 F.3d 945, 947-48 (10th Cir.1996) (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2)). Avenues one and three clearly do not apply here. Avenue two depends on Rule 35. Rule 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Defendant brings this motion long after the fourteen-day period laid out in Rule 35(a), making this provision inapplicable. Rule 35(b) provides for a reduction upon motion of the government, which has not been made here.
[3] A federal prisoner may obtain relief under § 2255 only if his sentence (1) was imposed in violation of the Constitution or federal laws, (2) was imposed by a court without jurisdiction to do so, (3) was in excess of the maximum permitted by the law, or (4) is otherwise subject to attack. 28 U.S.C. § 2255.

§ 3585(b), which provides:

> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585. However, Defendant's time served in State custody was as a result of a revocation filed in the Pushmataha County District Court in two of Defendant's other cases on October 1, 2008, the date of the federal Indictment. *See* Pushmataha County Case Nos. CF-2006-124 (Order of Revocation dated Oct. 1, 2008), CF-2006-49 (Order of Revocation dated Oct. 1, 2008). In each of those cases, Defendant received a two-year sentence at the Oklahoma Department of Corrections ("DOC"), such sentences to run concurrently. All time served at DOC was credited to the revocation sentence, which did not run concurrently with Defendant's federal sentence. The Bureau of Prisons' response to Defendant's Central Office Administrative Remedy Appeal, which Defendant attaches to his Motion, confirms as much:

> Your federal sentence was ordered to run concurrently with your Burglary charges in Case No. CF-2008-87; however, these charges were dismissed. Your federal sentence was not ordered to run concurrent with your Probation Violation in Case No. CF-2006-49. The prior custody credit from October 1, 2008, through April 1, 2010, has been applied to your Oklahoma State Sentence.

(Doc. No. 41, at 14 (Administrative Remedy No. 755161-A3 Response)). Under § 3585(b), Defendant is not entitled to credit for time served that has been credited against another sentence.

Accordingly, Defendant's "Ex Parte Motion for a Modification/Alternative Sentence" (Doc. No. 41) is **DENIED**.

IT IS SO ORDERED this 10th day of May, 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma

3